Douglas J. Campion (State Bar No. 75381)
LAW OFFICES OF DOUGLAS J. CAMPION, APC
17150 Via Del Campo, Suite 100
San Diego, CA 92127
doug@djcampion.com
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin (State Bar No. 170222)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson (State Bar No. 239458)
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Other attorneys on signature page

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JESSE PRATHER, JOHN W. PRATHER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

WELLS FARGO BANK, N.A., WELLS FARGO EDUCATION FINANCIAL SERVICES,

Defendants.

Case No. '15CV1296 MMAWVG

**CLASS ACTION**

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE CONSUMER PROTECTION ACT) AND CAL. BUS. & PROF. CODE § 17200, ET SEQ. (UNFAIR COMPETITION LAW)**

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

Plaintiffs Jesse Prather and John W. Prather (hereinafter referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of their counsel, and on information and belief as follows:

## NATURE OF ACTION

1. Plaintiffs bring this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Wells Fargo Bank, N.A. ("Wells Fargo," or "Defendant") and Wells Fargo Education Financial Services ("WFEFS" or "Defendant") (both Defendants collectively referred to herein as "Defendants") in negligently, knowingly, and/or willfully contacting Plaintiffs and the Class Members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA"), the Federal Communication Commission rules promulgated thereunder, 47 C.F.R. § 64.1200 ("Rules"), and California Business & Professions Code §§ 17200, *et seq.*, the Unfair Competition Law ("UCL").

2. On June 11, 2008, the Federal Communications Commission ("FCC" or "Commission") issued a citation to Wells Fargo for violations of the TCPA, admonishing Wells Fargo that "[i]f, after receipt of this citation, you or your company violate the Communications Act or the Commission's rules in any manner described herein, the Commission may impose monetary forfeitures not to exceed $11,000 for each such violation or each day of a continuing violation."

3. Notwithstanding these prior violations of the TCPA and the FCC's citation, Wells Fargo has continued to violate the TCPA by contacting Plaintiffs and others similarly situated on their cellular telephones via an "automatic

telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA.

4. Plaintiffs bring this action for injunctive relief and statutory damages resulting from Defendants' illegal actions

## JURISDICTION AND VENUE

5. This matter in controversy exceeds $5,000,000, as each member of the proposed Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiffs allege a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

6. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because: Defendants do business in San Diego County, within the jurisdiction of this Court; Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced; and Defendants' contacts with this District are sufficient to subject them to personal jurisdiction.

## PARTIES

7. Plaintiff Jesse Prather is, and at all times mentioned herein was, an individual citizen of the State of California, who resides in Glendale, California.

8. Plaintiff John W. Prather is, and at all times mentioned herein was, an individual citizen of the State of Texas, who resides in Orange, Texas, and is the father of Jesse Prather.

9. Wells Fargo is a diversified financial services company headquartered in San Francisco, California. Wells Fargo provides financial services to individuals, businesses, and institutions in all counties within the State of California as well as in most other states. The financial services offered by Wells Fargo to consumers include providing and / or servicing educational loans, including through its subsidiary and agent WFEFS. Wells Fargo maintains branch offices throughout the State of California and in most other states. WFEFS conducts business throughout the State of California and in most other states.

10. On information and belief, the decisions complained of herein, relating to the use of an "automatic telephone dialing system" and/or using "an artificial or prerecorded voice" to call consumers' cellular telephones without their prior express consent, originated from Wells Fargo in San Francisco, California, but occurred throughout California, including within this judicial district. For any and all decisions that originated at Wells Fargo and WFEFS's business locations outside of San Francisco, California, those decisions required approval from Wells Fargo's headquarters, thereby providing Wells Fargo authority and control over the actions complained of herein.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

11. In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

number in the absence of an emergency or the prior express consent of the called party.[2]

13. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

14. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

## FACTUAL ALLEGATIONS

15. At all times relevant herein, Plaintiff Jesse Prather was an individual residing in the State of California. Plaintiff Jesse Prather is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. At all times relevant herein, Plaintiff John W. Prather was an individual residing in the State of Texas. Plaintiff John W. Prather is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

17. Plaintiff Jesse Prather applied for and obtained a number of educational loans during the 2003 – 2007 time period through American Education Services. On information and belief, one or more of those loans was purchased by Wells Fargo and / or WFEFS, and WFEFS has serviced those loans from at least September, 2010 to the present.

18. Plaintiff John W. Prather co-signed for each of those educational loans that Jesse Prather applied for and obtained during the 2003-2007 time period. Each of those contracts originated in and were performed in California.

19. "During the transaction that resulted in the debt owed," Plaintiff John W. Prather did not provide express consent to receive calls made by Wells Fargo or WFEFS on an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), on his cellular telephone.[6] In fact, Plaintiff John W. Prather never provided a cellphone number to Defendants during the process of acting as a co-signer on Jesse Prather's educational loans on any application relating to the debt for which Wells Fargo and / or WFEFS called him on his cellphone. In fact, Plaintiff John W. Prather did not own or use a cellphone at any time during the entire time period Jesse Prather applied for and obtained the educational loans for which John W. Prather was a co-signer. Defendants either obtained John W. Prather's cellphone number through skip tracing or by other means not related to the process of co-signing for the educational loans, and by Wells Fargo and WFEFS obtaining his cellphone number in that manner, that did not constitute the requisite prior express consent of John W. Prather to be contacted on his cellphone by an automatic telephone dialing system or by a prerecorded voice message for any purpose related to the collection or servicing of Jesse Prather's student loans.

20. While Plaintiff Jesse Prather may have provided a cellphone number on the original loan applications submitted to AES, no later than late 2012

[6] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

or 2013 he specifically revoked any such consent, if any existed, by repeatedly telling Wells Fargo and WFEFS not to call him on his cellphone at any time in the future. However, despite those clear and unequivocal statements, Wells Fargo and WFEFS continued to call Plaintiff Jesse Prather dozens of times on his cellphone with an autodialer and / or by an artificial or prerecorded voice message. The calls to his cellphone number began in 2010 and continued until at least approximately March 21, 2015, resulting in dozens of calls, if not more, in that time period.

21. Beginning no later than February, 2015, Plaintiff John W. Prather began receiving calls from Wells Fargo and WFEFS to his cellphone, approximately a dozen in just over a month, telling him to call Wells Fargo at 1-800-416-8229, continuing to at least April 13, 2015, just prior to the filing of the Complaint.

22. Wells Fargo and WFEFS are, and at all times mentioned herein were, "persons", as defined by 47 U.S.C. § 153(39).

23. All telephone contact by Wells Fargo and WFEFS to Plaintiffs on their cellular telephones occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

24. The telephone numbers that Wells Fargo and WFEFES called in order to contact Plaintiffs, with an "artificial or prerecorded voice" and/or made by an "automatic telephone dialing system," were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

25. Plaintiff John W. Prather did not provide "express consent" allowing Wells Fargo or WFEFS to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

26. Wells Fargo's and WFEFS's telephone calls to Plaintiffs' cellular phones were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

27. Wells Fargo's and WFEFS's telephone calls to Plaintiffs' cellular phones utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiffs' prior express consent violated 47 U.S.C. § 227(b)(1)(A).

28. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Wells Fargo and WFEFS to demonstrate that Plaintiffs provided express consent within the meaning of the statute.[7]

## CLASS ACTION ALLEGATIONS

29. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

30. Plaintiffs propose the following Class definition, subject to amendment as appropriate:

> All persons within the United States who received a non-emergency telephone call from Wells Fargo or WFEFS regarding an educational loan serviced by Wells Fargo or WFEFS to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed. Excluded from the Class are those persons who received a non-emergency telephone call from CBV Collections Services, Ltd. or its agent Primary Financial Services, LLC regarding any Wells Fargo or WFEFS debt made to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed.

[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

Collectively, all these persons will be referred to as "Class members." Plaintiffs represent, and are members of, the Class. Excluded from the Class are Wells Fargo and any entities in which Wells Fargo has a controlling interest, Wells Fargo's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

31. Plaintiffs do not know the exact number of members in the Class, but based upon the representations of Wells Fargo as to its market share, Plaintiffs reasonably believe that Class members number at minimum in the hundreds of thousands.

32. Plaintiffs and all members of the Class have been harmed by the acts of Wells Fargo and WFEFS.

33. This Class Action Complaint seeks injunctive relief and money damages.

34. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Wells Fargo and WFEFS.

35. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

a. Whether Wells Fargo and WFEFS made non-emergency calls to Plaintiffs and Class members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;

      b.     Whether Wells Fargo and WFEFS can meet their burden of showing they obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

      c.     Whether Wells Fargo's and WFEFS's conduct was knowing and/or willful;

      d.     Whether Wells Fargo and WFEFS are liable for damages, and the amount of such damages; and

      e.     Whether Wells Fargo and WFEFS should be enjoined from engaging in such conduct in the future.

36. As persons who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior express consent within the meaning of the TCPA and Rules, Plaintiffs assert claims that are typical of each Class member. Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have no interests which are antagonistic to any member of the Class.

37. Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

38. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Wells Fargo and WFEFS to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Wells Fargo is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue

are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

39. Wells Fargo and WFEFS have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**INAPPLICABLE AND/OR UNENFORCEABLE ARBITRATION CLAUSE**

40. On information and belief, during the relevant time period, Wells Fargo has sought to impose a standard take-it-or-leave-it arbitration clause in some underlying contracts with certain Class members and/or in a subsequent "bill-stuffers" sent after the contractual relationship arose, which states to the effect that any claim, dispute or controversy between the borrower and Wells Fargo that arises from or relates to the Agreements or credit issued thereunder may be subject to arbitration.

41. Any such purported arbitration clause is not enforceable or applicable to the TCPA and UCL claims at issue here. Any such arbitration clause is limited to claims that may be related to a Wells Fargo account. Calling a consumer's phone number in a manner that violates the TCPA, Rules, and UCL does not relate to the consumer's account. *See In re Jiffy Lube Int'l, Inc.*, 847 F. Supp. 2d 1253 (S.D. Cal. 2012) (refusing to compel arbitration of TCPA claim where an "incredibly broad" arbitration clause encompassed "any and all disputes, controversies or claims (including breach of warranty, contract, tort or any other claim)"). If any arbitration clause exists for any Class member, it is therefore separate and independent of Plaintiffs' TCPA, Rules, and UCL claims here, such

that Plaintiffs and the Class members did not agree to arbitrate their claims with respect to the TCPA, Rules, and UCL.

42. Wells Fargo's arbitration clause is also unenforceable because: (1) Neither Plaintiff clearly and knowingly assent to arbitrate their claims; (2) the arbitration clause is unconscionable; and (3) the arbitration clause prevents its customers from vindicating their federal statutory rights under the TCPA, and is therefore unenforceable as against public policy.

43. Plaintiffs' UCL claims for injunctive relief against Wells Fargo and WFEFS are not arbitrable. *Broughton v. Cigna Healthplans*, 21 Cal. 4th 1066, 1088 (Cal. 1999); *Cruz v. PacifiCare Health Systems, Inc.*, 30 Cal. 4th 303, 316 (Cal. 2003).

## CAUSES OF ACTION

## FIRST COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

44. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

45. The foregoing acts and omissions of Wells Fargo and WFEFS constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

46. As a result of Wells Fargo's and WFEFS's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

47. Plaintiffs and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Wells Fargo and

WFEFS in the future. Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

48. Plaintiffs incorporate by reference the paragraphs 1 through 43, inclusive, of this Complaint as if fully set forth herein.

49. The foregoing acts and omissions of Wells Fargo and WFEFS constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

50. As a result of Wells Fargo's and WFEFS's violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

51. Plaintiffs and Class members are also entitled to and do seek injunctive relief prohibiting Wells Fargo's and WFEFS's violation of the TCPA in the future.

52. Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

## THIRD COUNT

## VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE SECTION 17200, ET SEQ.

53. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

54. Wells Fargo's and WFEFS's practice of making telephone calls to Plaintiffs and members of the Class on their cellular telephones using an artificial or prerecorded voice and/or an automatic telephone dialing system without their

prior express consent within the meaning of the TCPA and the Rules violates 47 U.S.C. § 227 *et seq.*, and the Rules promulgated thereunder.

55. Wells Fargo's and WFEFS's conduct using automated and predictive dialing techniques to harass Plaintiffs and members described herein is unlawful and violates Cal. Bus & Prof. Code § 17200 *et seq*. (the "UCL").

56. Wells Fargo's and WFEFS's illegal practices outweigh the utility, if any, of those practices.

57. The illegal business practices of Wells Fargo and WFEFS are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to Plaintiffs and members of the Class.

58. Unless restrained by this Court, Wells Fargo and WFEFS will continue to engage in the illegal acts and practices alleged above.

59. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs and the Class are therefore entitled to:

a. an Order requiring Wells Fargo and WFEFS to cease the unlawful acts alleged herein; and

b. payment of their reasonable attorneys' fees and costs pursuant to, *inter alia*, Cal. Code Civ. Proc. § 1021.5.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all Class members the following relief against Wells Fargo:

A. Injunctive relief prohibiting such violations of the TCPA and UCL by Wells Fargo and WFEFS in the future;

B. As a result of Wells Fargo's and WFEFS's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C. As a result of Wells Fargo's and WFEFS's violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiffs and the Class;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiffs are proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

F. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all counts so triable.

Dated: June 11, 2015

By: */s/ Douglas J. Campion*

LAW OFFICES OF DOUGLAS J. CAMPION, APC
17150 Via Del Campo, Suite 100
San Diego, CA 92127
Email: doug@djcampion.com
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson
Email: dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

HYDE & SWIGART
Joshua B. Swigart, Esq. (SBN 225557)
Email:josh@westcoastlitigation.com
2221 Camino del Rio South, Suite 101
San Diego, CA 92108
Telephone (619) 233-7770
Facsimile: (619) 297-1022

KAZEROUNI LAW GROUP, APC
Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorney for Plaintiffs and the Proposed Class